UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CARMEN ANDRADE and CADR ACQUISITIONS INC,

                                                   JURY TRIAL DEMANDED

                Plaintiffs,

                                                   COMPLAINT

    -against-

DAVID REITER, and REMARKABLE FOODS, INC.

                Defendants
-------------------------------------------------------------------x

    Plaintiff, by and through her attorneys Wolf & Wolf LLP, alleges as follows:

    1. Plaintiff resides at 4141 76th Street, Elmhurst, New York, 11373.

    2. Defendant Remarkable Foods Inc. is a corporation with principal offices located at 20 Rolling Road, Wynnewood, PA 19096.

    3. Plaintiff Cadr Acquisitions Inc. is a corporation with principal offices located at 4725 Baltimore Avenue, Philadelphia, PA 19143, of which plaintiff and defendant Reiter are the sole shareholders.

    4. Defendant David Reiter is an individual residing at 4725 Baltimore Avenue Apt 2R, Philadelphia, PA 19143.

    5. Jurisdiction and venue are appropriate under 42 U.S.C §§1332 and 1441 as there exists complete diversity between the plaintiff and defendants and the amount in controversy exceeds $75,000.00.

                                **COMMON NUCLEUS OF OPERATIVE FACTS**

    6. On or about May 31, 2006 plaintiff Andrade and defendant Reiter entered into a partnership agreement for the purposes of purchasing real estate for resale.



7. The parties agreed that the partnership would be in the form of a corporation and CADR Acquisitions Inc. was subsequently created via filing appropriate paperwork with the Pennsylvania Department of State on September 13, 2006.

8. The property which encompassed the basis for the partnership agreement between the parties was 5320 West Berks Street, Philadelphia, PA 19131 identified as BRT# 521110500 by the Philadelphia County Buildings Department. At the time of the execution of the agreement 5320 West Berks Street, Philadelphia, PA was owned by defendant Remarkable Foods Inc.

9. Defendant Reiter is the President of Remarkable Foods, Inc.

10. The agreement called for CADR Acquisitions Inc. to purchase 5320 West Berks Street, Philadelphia, PA from Remarkable Foods, Inc and for defendants to complete all repairs on the West Berks Street property.

11. Plaintiff's sole obligation was to remit the sum of $75,000.00 as an interest free loan to CADR, which she did between May 2006 and January 2007.

12. The agreement provided $40,000.00 of plaintiff's $75,000.00 contribution would be used for repairs and that if any additional repairs were needed defendant Reiter was solely responsible for the cost of said repairs absent plaintiff's written consent to remit additional funds.

13. The parties understood the partnership agreement to be a valid contract complete with offer, acceptance, and consideration and relied on the terms incorporated within.

14. That despite the fact that approximately two years have elapsed since the parties executed the partnership agreement, defendants Reiter and Remarkable Foods



Inc. have failed to sell and transfer the 5320 West Berks Street property into CADR Acquisitions.

15. That despite the fact that approximately two years have elapsed since the parties executed the partnership agreement, defendants Reiter and Remarkable Foods Inc. have failed to repair the West Berks Street property for resale in accordance with the parties partnership agreement.

16. That defendants Reiter and Remarkable Foods, Inc. have failed to use plaintiff's funds for the proper purpose of repairing and reselling the West Berks Street property in accordance with the parties' partnership agreement.

AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

17. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-16 of the complaint.

18. That defendants foregoing actions constituted a material breach of contract, which caused plaintiff to be damaged in the sum of ninety thousand dollars. ($90,000.00).

WHEREFORE, plaintiffs demand judgment against the defendants for an amount of $90,000.00 based on breach of the parties partnership agreement together with costs to cover the action including legal fees.

AS AND FOR A SECOND CAUSE OF ACTION FOR SPECIFIC PERFORMANCE

19. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-18 of the complaint.

20. That the partnership agreement entered into by the parties is a valid contract with respect to each provision therein.

21. Plaintiff is entitled to specific performance via a judicial decree ordering the



transfer of the real property located at 5320 West Berks Street, Philadelphia, PA 19131 bearing BRT# 521110500 from Remarkable Foods, Inc. to CADR Acquisitions Inc. pursuant to the parties' partnership agreement. (Copy of specific description of property annexed hereto as Exhibit "A")

WHEREFORE, plaintiffs demand an Order transferring the title of the premises of 5320 West Berks Street, Philadelphia, PA 19131 from defendant Remarkable Foods, Inc. to Plaintiff CADR Acquisitions, Inc. together with costs to cover the action including legal fees.

### AS AND FOR A THIRD CAUSE OF ACTION FOR FRAUD

22. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-21 of the complaint.

23. That in May 2006 defendant Reiter misrepresented via the partnership agreement that the 5320 West Berks Street property would be transferred to plaintiff CADR Acquisitions.

24. That Reiter knew that he was not planning on transferring the property thus rendering his acts and conduct as intentional, wrongful, malicious and quasi criminal, designed to induce plaintiff Andrade to enter into the partnership agreement.

25. That plaintiff Andrade relied on defendant Reiter's written promise that the corporation she was a shareholder in, CADR Acquisitions, would gain title to the 5320 West Berks Street property subsequent to the execution of the partnership agreement in May 2006.

26. In order to induce ANDRADE into making the loan, the defendants, acting in concert, as part of a conspiracy, inter alia, falsely, fraudulently, deceitfully and tortiously



represented to ANDRADE that CADR would be purchasing the property, when in true and in fact, 5230 West Berks Street was never sold to CADR damaging plaintiff by said conduct.

WHEREFORE, plaintiffs demand judgment against the defendants for an amount to be determined by a jury based on defendants' fraud together with costs to cover the action including legal fees.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR CONVERSION

27. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-26 of the verified complaint.

28. That pursuant to the May 2006 partnership agreement plaintiffs are the proper owners of 5320 West Berks Street, Philadelphia, PA bearing BRT#521110500.

29. That said ownership was based upon the remittance by plaintiff Andrade of the sum of $75,000.00 to defendants.

30. That defendants failure to transfer the aforementioned property to plaintiff CADR Acquisitions pursuant to the May 2006 partnership agreement and continued control and dominion over the subject property constitutes interference with plaintiffs rights of ownership.

31. That said conduct constitutes illegal conversion.

WHEREFORE, plaintiffs demand judgment against the defendants for an amount to be determined by a jury based on conversion together with costs to cover the action including legal fees.



## AS AND A FIFTH CAUSE OF ACTION FOR DAMAGES UNDER SECTION 349 (A) OF THE GENERAL BUSINESS LAW OF THE STATE OF NEW YORK

32. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1-31 of the complaint.

33. That defendants' agreement to use plaintiff Andrade's $75,000.00 to repair and re-sell the West Berks Street property was misleading and deceptive and caused plaintiff injury.

34. That defendants' agreement to transfer title of the West Berks Street premises to plaintiff CADR Acquisitions was deceptive in that more than two years have passed without them doing so and plaintiffs are injured in that they currently maintain no ownership interest in the property.

WHEREFORE, plaintiffs demand judgment against the defendants for an amount to be determined by a jury based on a violation of Section 349 of the General Business Law of the State of New York, together with costs to cover the action including legal fees.

Dated: Bronx, New York
       February 7. 2008



Yours, etc.

WOLF & WOLF LLP
910 Grand Concourse
Suite 1F
Bronx, New York 10451
(718) 410-0653

By: Jason M. Wolf, Esq. (JW 6332)

# EXHIBIT A

Case 1:08-cv-01289-VM    Document 1    Filed 02/08/2008    Page 8 of 12

AND Jason Wolf

# Know all Men by these Presents

*THAT I, John D. Green, Sheriff of the County of Philadelphia, in the Commonwealth of Pennsylvania, for and in consideration of the sum of Fifty five thousand seven hundred Dollars (55,700) to me in hand paid, do hereby grant and convey to Remarkable Foods Inc.*

### DESCRIPTION

**ALL THAT CERTAIN** lot or piece of ground with the messuage or tenement thereon erected.

**SITUATE** on the South side of Berks Street (70 feet wide) at the distance of 156 feet 1-5/8 inches Westward from the West side of 53rd Street (60 feet wide) in the 52nd Ward of the City of Philadelphia.

**CONTAINING** in front or breadth on the said Berks Street 15 feet 7 inches and extending of that width in length or depth Southward between parallel lines at right angles to the said Berks Street 100 feet, including on the rear and thereof the soil of a certain 15 feet wide driveway which extends Eastward and Westward from 53rd Street to Georges Lane.

**BEING NO.** 5320 West Berks Street

**BEING** the same premises which Mathan Sheer, by deed dated 11/26/65 and recorded 12/2/65 in the county of Philadelphia in Book CAD 604 page 139 conveyed unto Herman H. Bell and Barbara S. Bell, H/W and the said Herman M. Bell departed this life on or about 4/21/93, whereby title to the above described premises vested in Barbara S. Bell, His wife by right of survivorship, IN FEE.

**UNDER AND SUBJECT** to certain building restrictions as of record.

**TOGETHER** with the free and common use, right, liberty and privilege of the aforesaid driveway as and for a driveway and passageway at all times hereafter forever in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof..

51339313
Page: 1 of 4
12/16/2005 09:49AM

This Document Recorded
12/16/2005  State RTT: 411.95
09:49AM     Local RTT: 1,235.85
Doc Code: DS  Commissioner of Records, City of Philadelphia

Doc Id: 51339313
Receipt #: 462060
Rec Fee: 156.50

*The same having been sold by me to the said grantee, on the 1st day of November, Anno Domini Two thousand and five after due advertisement, according to law, under and by virtue of a writ of Execution issued/Decree entered on the 16th day of August, Two thousand and five, out of the Court of Common Pleas as of September Term, Two thousand and two, Number 002743, at the suit of*

The Bank of New York as Trustee under the Pooling & Servicing Agreement Dated as of May 31, 1996 Series 1996-B C/O Rosicki Rosicki & Asssociates P.C.                                                                vs.
Lenora Figueroa, Julita Y. Byrd as Administratrix for the Estate of Eleanor Y. Figueroa Deceased

**In witness whereof,** *I have hereunto affixed my signature, this 21ˢᵗ day of November Anno Domini two thousand and five.*

SEALED AND DELIVERED
IN THE PRESENCE OF

_____        John D. Green, Sheriff

_____        By: _____
                                              Undersheriff

**Commonwealth of Pennsylvania** :
**County of Philadelphia** : ss

NOV 2 1 2000

On this the _____, before me, the undersigned Officer, personally appeared JOHN GREEN, BY HIS UNDERSHERIFF, DARRELL R. STEWART, Sheriff of the County of Philadelphia known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he/she executed the same in the capacity therein stated and for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

_Bonnie O'Kane_
*Prothonotary*

DEPUTY PROTHONOTARY

---

Book No. 215
Writ No. 941
Control No. 165032

# Deed = Poll

JOHN D. GREEN, Sheriff

TO

Remarkable Foods Inc.

The Bank of New York as Trustee under the Pooling & Servicing Agreement Dated as of May 31, 1996 Series 1996-B C/O Rosicki Rosicki & Associates P.C.

-vs.-

Lenora Figueroa, Julita Y. Byrd as Administratrix for the Estate of Eleanor Y. Figueroa Deceased

Sep. T. 2002
No. 002743

Premises:
5320 West Berks Street
Philadelphia, PA 19131

The Address of the within-named Grantee is c/o Reiter
4725 Baltimore Ave. 2-R
Philadelphia, PA
on behalf of the Grantee

Joseph A. Goldbeck, Jr.
Suite 5000-Mellon Independence Ctr.
701 Market Street
Philadelphia, PA 19106

| BOOK NO. | PAGE NO. |
|---|---|
| DATE RECORDED | |
| CITY TAX PAID | |

# PHILADELPHIA REAL ESTATE

# TRANSFER TAX CERTIFICATION

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

**A. CORRESPONDENT** - All inquiries may be directed to the following person:

NAME: RCS Abstract, Inc.
TELEPHONE NUMBER:
STREET ADDRESS/CITY/STATE/ZIP CODE: 1219 Spruce Street, Philadelphia, PA 19107

**B. TRANSFER DATA**
DATE OF ACCEPTANCE OF DOCUMENT:

GRANTOR(S)/LESSOR(S): JOHN D. GREEN, SHERIFF
GRANTEE(S)/LESSEE(S): Remarkable Foods Inc.

STREET ADDRESS: 100 S. BROAD STREET, 5TH FL.
STREET ADDRESS: c/o Reiter

CITY, STATE, ZIP CODE: PHILADELPHIA, PA 19110
CITY, STATE, ZIP CODE: Philadelphia, PA

**C. PROPERTY LOCATION**

STREET ADDRESS: 5320 West Berks Street
CITY, TOWNSHIP, BOROUGH: PHILADELPHIA, PA

COUNTY: PHILADELPHIA
SCHOOL DISTRICT: PHILADELPHIA
TAX PARCEL NUMBER:

**D. VALUATION DATA**

| 1. ACTUAL CASH CONSIDERATION | 2. OTHER CONSIDERATION | 3. TOTAL CONSIDERATION |
|---|---|---|
| $ 55,700.00 | 0.00 | = $ 55,700.00 |
| 4. COUNTY ASSESSED VALUE | 5. COMMON LEVEL RATIO FACTOR | 6. FAIR MARKET VALUE |
| $ 12,224.00 | X 3.37 | = $41,194.88 |

**E. EXEMPTION DATA**

1A. AMOUNT OF EXEMPTION:
1B. PERCENTAGE OF INTEREST CONVEYED:

2. Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession ____ (NAME OF DECEDENT) ____ (ESTATE FILE NUMBER)

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $_____.

☐ Transfers to the Commonwealth, the United States, and Instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number ____, Page Number ____ Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed.)

☐ Corrective deed (Attach copy of the prior deed).

☐ Other (Please explain exemption claimed, if other than listed above.) ____

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY: JS
DATE: 11-21-05